UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------x
BRYAN LUSTIG, on behalf of himself and all
others similarly situated,

                                                  *Plaintiff*,

-against-

DANIEL MARKUS, INC. (D/B/A Perfect Pawn),
DANIEL RISIS, MARGARITA RISIS and OLEG
NEIZVESTNY

                                                  *Defendants*.
---------------------------------------------------------------x

**Case No.:  20-cv-00379**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, BRYAN LUSTIG ("Plaintiff" or "Lustig"), on behalf of himself and all other similarly situated persons, by and through his attorneys, McLaughlin & Stern, LLP, allege of Defendants as follows:

## NATURE OF THE ACTION

1. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), and a class action under the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56(a), et seq. (the "NJWHL") against defendants DANIEL MARKUS, INC. d/b/a Perfect Pawn Morristown ("Daniel Markus"), DANIEL RISIS, MARGARITA RISIS and OLEG NEIZVESTNY (collectively as "Defendants") for their misclassification of employees with the title of "Manager" (the "Managers") as exempt from overtime pay and the consequent failure to pay Plaintiff and the other Managers at time and one-half their hourly rate for hours worked over forty (40) in a workweek.

2. Plaintiff and the other Managers are current and former employees of Defendants, who own, operate, or control several pawn shops located throughout New Jersey.

{N0099761.1}

3. Plaintiff and the other Managers were employed as managers at Defendants' pawn shop locations. At all relevant times, Defendants misclassified Plaintiff and the Managers as exempt from overtime pay and consequently failed to pay them at time and one-half their hourly rate for hours worked over forty (40) in a workweek.

4. At all relevant times, Defendants misclassified Plaintiff and the other Managers as exempt employees under the FLSA and NJWHL and maintained a policy and practice of requiring Plaintiff and the Managers to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by those federal and state law regulations.

5. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and the FLSA 29 U.S.C. §216(b). This Court has jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in this District because Daniel Markus resides in this District, and a substantial part of the events giving rise to Plaintiff's claims, and those of the Class, occurred in this District, including but not limited to Plaintiff's employment by Defendants and the employment of other Managers by Defendants.

## PARTIES

8. Plaintiff BRYAN LUSTIG is a citizen of New Jersey residing at 140 Oakridge Lane, Borough of Watchung, County of Somerset, State of New Jersey 07069. At all relevant times herein, Plaintiff worked for Defendants as a Manager at Daniel Markus' Morristown, New

Jersey pawn shop and was misclassified as exempt from the overtime pay requirements of the FLSA and the NJWHL.

9. Defendant Daniel Markus, d/b/a Perfect Pawn Morristown is a New Jersey Corporation with its principal place of business at 2 Aspen Place, City and County of Passaic, State of New Jersey 07055. Daniel Markus owns multiple pawn shops and employed the Class at all relevant times within the meaning of the FLSA and NJWHL.

10. Upon information and belief, defendant DANIEL RISIS is an individual engaging in business in this judicial district during the relevant time period. DANIEL RISIS is sued individually in his capacity as owner, officer, and/or agent of Defendant Daniel Markus. DANIEL RISIS possesses operational control over defendant Daniel Markus, an ownership interest in defendant Daniel Markus, and controls significant functions of defendant Daniel Markus. He determines the wages and compensation of the employees of Daniel Markus, including those of Plaintiff and the other Managers, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

11. Upon information and belief, defendant MARGARITA RISIS is an individual engaging in business in this judicial district during the relevant time period. MARGARITA RISIS is sued individually in her capacity as owner, officer, and/or agent of Defendant Daniel Markus. MARGARITA RISIS possesses operational control over defendant Daniel Markus, an ownership interest in defendant Daniel Markus, and controls significant functions of defendant Daniel Markus. She determines the wages and compensation of the employees of Daniel Markus, including those of Plaintiff and the other Managers, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

12. Upon information and belief, defendant OLEG NEIZVESTNY is an individual engaging in business in this judicial district during the relevant time period. OLEG NEIZVESTNY is sued individually in his capacity as owner, officer, and/or agent of Defendant Daniel Markus. OLEG NEIZVESTNY possesses operational control over defendant Daniel Markus, an ownership interest in defendant Daniel Markus, and controls significant functions of defendant Daniel Markus. He determines the wages and compensation of the employees of Daniel Markus, including those of Plaintiff and the other Managers, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## COLLECTIVE ALLEGATIONS

13. Plaintiff brings the First Count as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b), on behalf of himself and other similarly situated people (the "Collective" or the "Managers"), which shall include:

> All persons who work or worked for Defendants as Managers from August 1, 2016 through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Class Period"). Excluded from the Collective are Defendants and any corporations, partnerships, subsidiaries, or other entities affiliated with Defendants.

14. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective, including fifteen (15) or more similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of and the opportunity to join the present lawsuit.

15. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records that Defendants are required to create and maintain pursuant to applicable federal and state law.

16. Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b).

## **SUBSTANTIVE ALLEGATIONS**

17. Plaintiff was employed by Defendants from in or around August 2016 until in or around May 2019.

18. At all relevant times, Plaintiff was misclassified as an exempt employee and was not paid at time and one-half his regular hourly rate for hours worked over forty (40) in a workweek.

19. As a manager, Plaintiff was scheduled to, and did, work fifty (50) hours or more per week. All other Managers also worked fifty (50) hours or more per week.

20. Defendants misclassified Plaintiff and other managers as exempt from the FLSA and the NJWHL's overtime requirements on the apparent grounds that Plaintiff and other Managers are purportedly management and therefore subject to the "executive exemption" under both the FLSA and the NJWHL.

21. Plaintiff's job duties and the job duties of other Managers were neither executive nor administrative. For instance, Plaintiff and other managers did not have the authority to hire and fire, and their suggestions and recommendations concerning the same are not given any weight. Mr. Lustig's primary job duties were ministerial at best and never required or permitted the exercise of independent discretion or judgment. Mr. Lustig and other Managers should therefore have been classified as non-exempt hourly paid employees.

22. Plaintiff and other Managers should have been entitled to overtime wages for all hours worked in excess of forty (40) hours per week.

## AS AND FOR A FIRST CAUSE OF ACTION: FAILURE TO PAY OVERTIME UNDER THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, *ET SEQ.*
(On Behalf of Plaintiff and the Collective)

23. The preceding paragraphs are incorporated by reference as if fully set forth herein.

24. During the FLSA Class Period, Plaintiff and others similarly situated were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

25. At all relevant times, Defendants have been and continues to be an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants have employed and continues to employ Managers, including Plaintiff and each of the members of the Collective.

26. At all relevant times, Defendants' business has had annual gross revenues in excess of five-hundred thousand dollars ($500,000).

27. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto as Exhibit A and is incorporated by reference.

28. Defendants were required to properly pay Plaintiff and others similarly situated all wages due, including applicable overtime wages for all hours worked in excess of forty (40) hours per workweek.

29. During the FLSA class period, Defendants failed to pay Plaintiff and other Managers all wages due, including overtime wages of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek to which they were entitled under the FLSA, 29 U.S.C. §207.

30. Defendants' violation of the overtime requirements of the FLSA was part of its regular business practice and constituted a pattern, practice, and/or policy.

31. As a result of Defendants' violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial. Plaintiff and others similarly situated are entitled to recovery of such amounts and liquidated damages in an amount equal to their unpaid wages, together with prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. §216(b).

32. Defendants, by the above-describe conduct, acted willfully and intentionally and/or without good faith. Defendants knew or should have known that the practices complained of herein were unlawful. Defendants knew that Plaintiff and others similarly situated routinely worked in excess of forty (40) hours per week, and that Plaintiff and others similarly situated were not paid for all hours worked.

33. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and others similarly situated.

34. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under the FLSA, 29 U.S.C. §255(a).

35. Plaintiff and the Managers seek to enjoin Defendants from their continuing violations of 29 U.S.C. §207.

**AS AND FOR A SECOND CAUSE OF ACTION:  FAILURE TO PAY OVERTIME UNDER THE NEW JERSEY WAGE AND HOUR LAW, N.J.S.A. §34:11-56(A), *ET SEQ*.**
(On Behalf of Plaintiff and the Collective)

36. The preceding paragraphs are incorporated by reference as if fully set forth herein.

37. At all relevant times, Plaintiff and the Collective were employed by Defendants within the meaning of the NJWHL.

38. Defendants willfully violated Plaintiff's rights and the rights of the members of the Collective by unlawfully classifying them as exempt employees and failing to pay them overtime compensation at rates not less than one and one-half their regular rate of pay for each hour worked in excess of forty hours in a workweek.

39. As a result of Defendants' violations of the NJWHL, Plaintiff and the Collective have suffered damages in amounts to be determined at trial, and are entitled to recover such amounts, together with prejudgment and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the NJWHL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant Plaintiff and the other Mangers the following relief:

A. An order certifying this case as a collective action for Defendants' violations of the FLSA as pertain to Plaintiff's First Cause of Action, and, as they pertain to the Second Cause of Action for Defendants' violations of the NJWHL for the collective of employees described herein and designating Plaintiff's counsel and Collective Counsel;

B. An award to Plaintiff and the other Managers all statutory damages, compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest in an amount to be determined at trial;

C. An award to Plaintiff and the other Managers their reasonable attorneys' fees, costs, and expenses as authorized by law;

D. An order enjoining Defendants from continuing to violate the FLSA and the NJWHL; and

E. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.


Dated: New York, N.Y.
January 10, 2020

Respectfully Submitted,

MCLAUGHLIN & STERN, LLP


By: __/s/__
Chester R. Ostrowski, Esq.
Brett R. Gallaway, Esq. *pro hac vice pending*
*Attorneys for Plaintiff*
260 Madison Ave.
New York, NY 10016
(212) 448-1100
costrowski@mclaughlinstern.com
bgallaway@mclaughlinstern.com