## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRYAN LUSTIG, on Behalf of Himself and All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DANIEL MARKUS, Inc. (D/B/A Perfect Pawn), DANIEL RISIS, MARGARITA RISIS, and OLEG NEIZVESTNY,**<br><br>**Defendants.** | Case No.: 20-cv-00379 (WJM)(ESK)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Bryan Lustig brings this putative collective and class action against Defendants Daniel Markus, Inc., d/b/a Perfect Pawn ("Perfect Pawn"), Daniel Risis, Margarita Risis, and Oleg Neizvestny (collectively, with Perfect Pawn, "Defendants"). Plaintiff alleges that Defendants violated both the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, as well as the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56(A), *et seq.*, by, among other things, (1) misclassifying certain managerial employees as "exempt" and thereby failing to properly pay such employees overtime wages, and (2) failing to pay employees the required minimum wage by withholding wages owed for compensable hours worked. Now before the Court is Plaintiff's motion for "conditional certification" of the FLSA claims as a collective action. ECF No. 27. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## I.    BACKGROUND[1]

Defendant Perfect Pawn is a New Jersey corporation that owns and operates multiple pawn shops within the state. FAC ¶ 10. Defendants Daniel and Margarita Risis and Oleg Neizvestny are co-owners of Perfect Pawn and exercise control over Perfect Pawn's operations, including with respect to wages and compensation of all employees, work schedules of employees, maintenance of employee records, as well as decisions on the hiring and firing of employees. *Id.* ¶¶ 11-13.

---

[1] Unless otherwise stated, all facts are taken from Plaintiff's First Amended Complaint ("FAC"), ECF No. 35, as well as the Declaration of Brett Galloway and the exhibits attached thereto. ECF No. 29.

Plaintiff is a former employee of Perfect Pawn. *Id.* at ¶ 9. Beginning in or around August 2016 until his termination in May 2019, Plaintiff worked as a "Manager" of certain Perfect Pawn stores.[2] Lustig Decl. ¶ 1, 13, ECF No. 46-1. Even though Plaintiff was hired as a "Manager," Plaintiff performed the "ministerial" tasks of a pawn broker such as "maintaining stock, conducting purchases and sales, cleaning the store, and stocking shelves." *Id.* ¶ 2; FAC ¶ 22. Plaintiff did not have the authority to hire or fire employees in the stores of which he was Manager, and was not permitted to exercise his own discretion in the performance of his duties. Lustig Decl. ¶ 3.

Throughout his employment, Plaintiff alleges that he regularly worked fifty (50) or more hours per week. FAC ¶ 20. However, as a "Manager," Plaintiff was classified as an "exempt" employee of Perfect Pawn and therefore not entitled to pay at one-and-one-half times his regular hourly rate for hours worked over forty (40) hours per week. *Id.* ¶ 19. In addition, Plaintiff states that he was required to work through scheduled lunch breaks without compensation, and, at various times throughout his employment, was not compensated for part or all of his hours worked in certain pay periods, did not receive timely paychecks, and had his salary reduced without notice. Lustig Decl. ¶¶ 8-10.

On January 10, 2020, Plaintiff commenced this action, asserting claims against each of the Defendants for violations of the FLSA and NJWHL for failing to pay overtime wages, failing to pay the minimum wage, and for failing to pay "straight wages." In addition to his own claims against the Defendants, Plaintiff brings this action on behalf of other similarly situated "Managers" of Perfect Pawn. With respect to his FLSA claims, Plaintiff seeks permission to notify and solicit similarly situated individuals who may wish to join this action and pursue claims against the Defendants.[3] Specifically, Plaintiff has moved for "conditional certification" of his FLSA claims to proceed as a "collective action" on behalf of all persons who have worked for Defendants as "Managers" within the last three years (representing the applicable statute of limitations for such FLSA claims). In support thereof, Plaintiff has submitted the declarations of several former "Managers" employed by Perfect Pawn who have also elected to opt-in to this action. *See* Galloway Decl., Exs. A-F.[4]

## II.    LEGAL STANDARD

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis HealthCare Corp. v. Symczyk*,

---

[2] Plaintiff was hired to work as the "Manager" of Perfect Pawn's Kearny, New Jersey location, and was subsequently transferred to work as "Manager" of the Morristown, New Jersey location.

[3] To date, at least eight (8) other individuals have opted in to participate as plaintiffs in this case. *See* ECF Nos. 14, 15, 21, 32.

[4] Although discovery has been pending in this case for several months, it appears next to none has been actually completed due to, at least in part, certain of the Defendants' failure to timely respond to discovery requests.

569 U.S. 66, 69 (2013). Section 216(b) of the FLSA empowers employees to bring collective actions against their employers for violations thereof on behalf of themselves and other "similarly situated" employees. 29 U.S.C. § 216(b). Unlike the class action mechanism provided by Rule 23 of the Federal Rules of Civil Procedure, however, "similarly situated" employees may only become parties to an FLSA collective action upon affirmatively opting in by filing their written consent with the court.

The FLSA neither defines the phrase "similarly situated" nor sets forth the procedures used for potential plaintiffs to opt-in and proceed collectively. *See Ruffin v. Avis Budget Car Rental, LLC*, No. 11-1069 (SDW) (MCA), 2014 WL 294675, at *2 (D.N.J. Jan. 27 ,2014). To fill this gap, the Third Circuit employs a two-step process in determining whether to "certify" collective actions under the FLSA. *Camesi v. Univ. of Pittsburgh Medical Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013). At the first step, the Court must decide whether to permit broader written notice of this action and the opportunity to participate to potential opt-in plaintiffs by "conditionally certifying" the collective action.[5] Conditional certification is subject to a "fairly lenient standard" which requires only a "modest factual showing" that Plaintiff and potential opt-in plaintiffs are similarly situated. *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 535 (3d Cir. 2012). If the Court finds that conditional certification is warranted, the Court must then consider, at the second step, whether "final certification" of the collective action is appropriate. Unlike conditional certification, final certification of a collective action is a fact intensive inquiry in which Plaintiff must show by a preponderance of the evidence that the plaintiffs who have opted-in are in fact similarly situated to the Plaintiff. *Essex v. Children's Place, Inc.*, No. 15-5621, 2016 WL 4435675, at *4 (D.N.J. Aug. 16, 2016)

## III.    DISCUSSION

### A.    Conditional Certification of the FLSA Claims

Plaintiff asks the Court to conditionally certify his FLSA claims under the first step of the FLSA collective action process for the purpose of notifying potential opt-in plaintiffs of this action and their opportunity to participate therein. With respect to whether Plaintiff and opt-in plaintiffs are similarly situated, Plaintiff argues that he and the opt-in plaintiffs were subject to the same unlawful conduct – namely, that they were improperly classified as exempt managerial employees despite performing primarily nonmanagerial tasks, and routinely failed to receive appropriate pay for hours worked – and suffered the same

---

[5] The phrase "conditional certification" in this context is a misnomer. Unlike certification of a class in the Rule 23 class action context, conditional certification in an FLSA action does not result in "a class with independent legal status." *Symczyk v. Genesis HealhCare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013). Rather, "conditional certification" is simply an exercise of the Court's discretion "to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to the statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

injuries as a result thereof, including the loss of overtime pay and a failure to receive the mandated minimum wage. Defendants respond that the positions and job responsibilities between Plaintiff and opt-in plaintiffs varied significantly, such that individualized inquiries with respect to each would predominate any resolution of potential liability in this case. The Court disagrees, and finds that Plaintiff has, at this preliminary stage, sufficiently demonstrated that he and the opt-in plaintiffs are similarly situated within the meaning of Section 216(b).

As noted, in deciding whether potential opt-in plaintiffs are similarly situated to the Plaintiff so as to warrant conditional certification of a collective action for notice purposes, the Court applies a "fairly lenient standard." At this stage of the litigation, Plaintiff need only "produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected [him] and the manner in which it affected other employees." *Zavala*, 691 F.3d at 536 n.4. Plaintiff is not required to show that his position and job duties are identical to those of opt-in plaintiffs. *Steinberg v. TD Bank, N.A.*, No. 10-CV-5600 (RMB-JS), 2012 WL 2500331, at *5 (D.N.J. June 27, 2012). Nor is Plaintiff required to allege a written policy or job description: evidence of unwritten policies and practices that violate the FLSA may properly form the basis of a collective FLSA action. *Maddy v. Gen. Elec. Co.*, 59 F. Supp. 3d 675, 681 (D.N.J. 2014). Importantly, while the Court considers all relevant facts included in the pleadings and affidavits in determining whether Plaintiff has met his burden, the Court does not assess the merits of Plaintiff's claims or any potentially available defenses thereto. *See id.*

Here, Plaintiff has produced sufficient evidence of an unwritten policy or practice that similarly affected both Plaintiff and the opt-in plaintiffs. With respect to Plaintiff's misclassification/failure to pay overtime claim, the affidavits submitted by Plaintiff indicate that across stores and warehouse locations: (1) Plaintiff and opt-in plaintiffs were promoted or hired as "Managers" but were denied authority to exercise managerial discretion over hiring and firing of personnel; (2) were primarily responsible for non-managerial tasks such as cleaning the store, dealing with inventory, and transacting with customers; and (3) worked over 40 hours per week without overtime pay. *See* Lustig Decl. ¶¶ 2-5; Skelton Decl. ¶¶ 3-5; Palmer Decl. ¶¶ 2-4; Padilla Decl. ¶¶ 3-5; Zusman Decl. ¶¶ 2-5; Carnaval Decl. ¶¶ 2-7; Mucci Decl. ¶¶ 2-5. With respect to Plaintiff's claims for failure to pay minimum wage, the evidence also suggests a consistent practice of withholding pay from managerial employees by missing pay periods in whole or in part and by paying such employees at rates lower than their set wage which harmed Plaintiff and opt-in plaintiffs alike. *See* Lustig Decl. ¶¶ 6-10; Skelton Decl. ¶¶ 8, 10, 12; Palmer Decl. ¶¶ 5, 7, 10; Padilla Decl. ¶¶ 6, 8; Zusman Decl. ¶¶ 6-7. At this preliminary stage, the Court concludes that this is sufficient to justify proper notice to potential opt-in plaintiffs.

Defendants' arguments to the contrary are unavailing. First, although Defendants are correct that "the mere classification of a group of employees . . . as exempt under the FLSA is not by itself sufficient" to establish such employees as "similarly situated" under Section 216(b), this argument misunderstands the nature of Plaintiff's claims and the evidence currently before the Court. *See* Def. Br. at 2-3 (quoting *Freeman v. Sam's East*

4

*Inc.*, No. 2:17-1786 (WJM), 2018 WL 5839857, at *3 (D.N.J. Nov. 8, 2018)). Unlike the plaintiff in *Freeman*, Plaintiff here does not argue that all potential plaintiffs are similarly situated *solely* because of their title. Instead, Plaintiff has presented evidence that other Managers at Perfect Pawn were subject to the same unlawful conduct, and suffered the same injuries as a result thereof, as Plaintiff himself. *Compare Freeman*, 2018 WL 5839857, at *3 (denying conditional certification where plaintiff's claim rested entirely on his own individualized work experience without "any evidence that other [employees] had similar experiences").

Second, Defendants' emphasis on variations in the duties performed and positions held by Plaintiff and the opt-in plaintiffs misses the mark. Slight variations in the kinds of non-managerial tasks opt-in plaintiffs performed are not enough, at this stage, to prevent conditional certification of a collective action. As noted above, employees in a collective action must only be "similarly situated," not identically situated. *See Steinberg*, 2012 WL 2500331, at *5. To that end, Plaintiff and opt-in plaintiffs have established that they performed similar non-managerial tasks such as organizing/cleaning stores or transacting with customers. Lustig Decl. ¶ 2; Skelton Decl. ¶ 3; Palmer Decl. ¶ 2; Padilla Decl. ¶¶ 2-3; Zusman Decl. ¶ 3; Carnaval Decl. ¶ 2; Mucci Decl. ¶¶ 2-3. Though it may eventually be the case, after the completion of discovery, that there are significant differences between the positions and responsibilities of Plaintiff and opt-in plaintiffs such that this case would not be appropriate for collective action, such questions would require a more fact intensive inquiry into the situations of the opt-in plaintiffs and a close consideration of the merits of Plaintiff's claims that would exceed the bounds of the Court's limited inquiry at this step of the collective action certification process. *See Magee v. Francesca's Holdings Copr.*, 17-565 (RBK/JS), 2018 WL 10602187, at *4 (D.N.J. Nov. 6, 2018).

Accordingly, the Court finds that Plaintiff has submitted sufficient evidence at step one of the certification process to warrant conditional certification of this collective action and send appropriate notice to potential opt-in plaintiffs.

**B.    Notice**

Having determined that Plaintiff is entitled to conditional certification of his FLSA claims as a collective action, the Court must next evaluate the form, content, and manner of distribution of the proposed notice of this action to potential opt-in plaintiffs. Plaintiff asks this Court to approve its proposed notice, order Defendants to produce the names, mailing addresses, email addresses and telephone numbers of all potential opt-in plaintiffs, and establish a notice period of sixty (60) days in which potential plaintiffs may opt-in to this collective action. Defendants object to each of these requests, arguing that the proposed notice must include contact information for Defendants' counsel, Plaintiff has not demonstrated any need for contact information of potential opt-in plaintiffs beyond last known mailing addresses, and that the proposed notice period of sixty (60) is longer than necessary. The Court will, with certain modifications discussed below, approve Plaintiff's proposed notice.

Once the Court has conditionally certified a collective action under the FLSA, it may exercise its discretion in facilitating notice thereof to potential members of the collective. *Hoffman-La Roche*, 493 U.S. at 170. Such notice both ensures accurate and timely information to potential plaintiffs about the pendency of the action to allow for informed decisions about whether to participate therein as well as reduces the risks of duplicative suits and undue delay in the prosecution of this case. *Id.* at 170, 172. In choosing to facilitate such notice, the Court may regulate how and what notice is given "in any manner not inconsistent with federal or local rules." *Id.* at 172 (quotations omitted).

At the outset, the Court notes, and the parties agree, that the longest applicable statute of limitations for Plaintiff's FLSA claims is three years, and that such limitations period continues to run up for each opt-in plaintiff until such opt-in plaintiff consents to join this action (or files their own FLSA action). Accordingly, the collective entitled to receive notice of the pendency of this action must be limited those persons who have been employed as "Managers" by Perfect Pawn within three years of the date of this Court's accompanying order conditionally certifying Plaintiff's FLSA claims to proceed collectively. *See Porter v. Merrill Lynch Pierce Fenner & Smith, Inc.*, No. 17-8043 (FLW) (TJB), 2018 WL 5874094, at \*4 (D.N.J. Nov. 9, 2018).

With that in mind, the Court addresses each of Defendants' objections to the proposed notice. First, with respect to the inclusion of Defendants' counsel's contact information, the Court finds such information unnecessary to include on this notice. Aside from citing one out-of-district opinion, Defendants have not cited any authority suggesting, nor articulated any reason why, potential opt-in plaintiffs need to receive the contact information of their potential adversaries' counsel.

Second, the Court will approve the proposed notice period of sixty (60) days. Courts in this district have routinely found that notice periods between thirty (30) and sixty (60) days are sufficient to notify potential opt-in plaintiffs without unduly delaying the litigation of the collective action. *See Steinberg*, 2012 WL 2500331, at \*6. Here, Plaintiff's request for sixty (60) days is within the typical range and is reasonable in light of the circumstances of this case.

Third, the Court agrees with Defendants that the manner of notice should be limited to first class mail. "First class mail and home addresses are generally deemed sufficient, and additional information and contact methods are typically provided only if necessary." *Id.*; *see also Magee*, 2018 WL 10602187, at \*4-5. Plaintiff has not shown that notice via first class mail would be insufficient or why other contact methods are necessary. The Court will, however, permit one follow-up notice which may be sent halfway through the notice period. Accordingly, Defendants must provide the names and last known mailing addresses of eligible collective members within ten (10) days of the date of the accompanying Order.

Finally, the Court is concerned that the proposed notice suggests the Court's support for this litigation. The proposed notice prominently features in the heading the Court's name as well as several indications that it is a "court authorized notice." The Court is

obligated "to avoid even the appearance of judicial endorsement of the merits of the action" and therefore must exercise caution in approving and facilitating notice to members of a collective. *Hoffman-La Roche*, 493 U.S. at 174. Accordingly, Plaintiff is directed to make the following changes to the proposed notice:

- Place the full case caption at the top of the first page;
- In the heading immediately under the case caption, state that the document is a notice of a collective action lawsuit; and
- Immediately below this heading, place a clear and concise disclaimer that the Court has not made any decision with respect to the merits of Plaintiff's claims or Defendants' defenses, and has merely authorized sending notice to those who may wish to participate in this case.

Plaintiff shall file an amended proposed notice for approval incorporating the above changes no later than ten (10) days from the date hereof.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's motion for conditional certification of his FLSA claims as a collective action is **GRANTED**. An appropriate order follows.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 23, 2020**