UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRYAN LUSTIG, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL MARKUS, Inc. (D/B/A Perfect Pawn), DANIEL RISIS, MARGARITA RISIS, and OLEG NEIZVESTNY,<br><br>Defendants. | Case No. 20-cv-00379<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Bryan Lustig brings this putative collective and class action against Defendants Daniel Markus, Inc., d/b/a Perfect Pawn ("Perfect Pawn"), Daniel Risis, Margarita Risis, and Oleg Neizvestny.[1] Plaintiff alleges that Defendants violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. *et seq*, and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56(A), *et. seq.*, by misclassifying certain employees as "exempt" management and thereby failing to pay such employees overtime wages, by failing to pay the same employees the required minimum wage, and by withholding some or all of the wages owed for compensable hours worked.

The Court conditionally certified the FLSA claims to proceed as a collective action on December 23, 2020. ECF No. 51. Plaintiff then filed consent forms from seventeen current and former Perfect Pawn employees[2] opting to join the collective action. ECF Nos. 14; 15; 21; 32; 57; 58; 60–63; 94; 112. On November 3, 2023, Plaintiff filed a motion for summary judgment. ECF No. 157. The Court denied that motion without prejudice on March 5, 2024, and instructed Plaintiff to file a motion for final certification of the collective action prior to refiling the motion. ECF No. 181. Now before the Court is Plaintiff's motion for final certification of the collective action. ECF No. 205. For the reasons stated herein, the motion is **GRANTED**.

**Legal Standard**

As the Court previously discussed in its Opinion on Plaintiff's Motion for Conditional Certification, ECF No. 51, certification of a collective action under the FLSA is a two-step process. The first step, conditional certification, permits the Plaintiff to provide notice to potential opt-in

---

[1] According to Plaintiff's Motion, Plaintiffs have reached settlements in principle with all Defendants except for Daniel Risis. Mot. 1 n.1, ECF No. 205-1. Because no settlement has been submitted for approval, the Court proceeds for the purpose of this Motion as though no settlement has been reached.

[2] An eighteenth employee, Geoffrey Robbins, filed a consent form but subsequently withdrew consent. ECF No. 59.

plaintiffs and obtain their written consent to join the litigation. The second step, final certification, permits the collective action to proceed after the written consents have been received and discovery has been largely completed. *See id.* at 3 (citing *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013)); *Rivet v. Office Depot, Inc.*, 207 F. Supp. 3d 417, 423 (D.N.J. 2016) (final certification inquiry "should take place after discovery is largely complete and the case is ready for trial." (citation omitted)).

Final certification requires plaintiff to satisfy a higher evidentiary burden than the "fairly lenient" standard for conditional certification. *See, e.g., Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 535-36 (3d Cir. 2012). To meet his burden for final certification, "plaintiff[] must demonstrate by a preponderance of the evidence that members of a proposed collective action are similarly situated[.]" *Id.* at 537. The Third Circuit "endorses an ad hoc approach to this analysis, considering all relevant factors and making a determination on a case-by-case basis as to whether the named plaintiffs have satisfied this burden by a preponderance of the evidence." *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 226 (3d Cir. 2016). In *Zavala*, the Third Circuit provided a non-exhaustive list of circumstances that courts consider in determining whether proposed collective action plaintiffs are similarly situated:

> Relevant factors include (but are not limited to): whether the plaintiffs are employed in the same corporate department, division, and location; whether they advance similar claims; whether they seek substantially the same form of relief; and whether they have similar salaries and circumstances of employment. Plaintiffs may also be found dissimilar based on the existence of individualized defenses.

*Id.* at 536-37 (citations omitted). The only inquiry at the final certification stage is whether the opt-in plaintiffs are "similarly situated." *Id.* at 537. "Once this factual finding is made in the affirmative, the statute mandates that the district court grant final certification." *Garcia v. Vertical Screen, Inc.*, No. CV 18-4718, 2022 WL 282541, at *2 (E.D. Pa. Jan. 31, 2022).

**Discussion**

Plaintiff has met his burden. Plaintiff supported his Motion with, *inter alia*, declarations from fifteen of the opt-in plaintiffs and from Farrah Johnson, Perfect Pawn's former Controller and Chief Financial Officer in charge of payroll. Each opt-in plaintiffs' declaration speaks to a consistent pattern and practice of misclassifying employees and violating the FLSA's wage and hour requirements as to their store "managers." All opt-in plaintiffs were given managerial titles. All allege that their job responsibilities were limited to ministerial tasks (including opening and closing the shop, stocking shelves, and customer service). None had the authority to hire or fire, nor were they permitted to exercise their discretion in the execution of their duties. All allege that they worked in excess of forty hours per week and were not paid overtime. Many testify that they were unpaid and/or underpaid for work they performed. Ms. Johnson's declaration includes testimony that she was frequently instructed by Defendant D. Risis to postpone, reduce, or skip payment to employees, and that "[t]hese reductions and missed payrolls happened to effectively all employees at some point." Johnson Decl., ¶¶ 3-6, ECF No. 205-3. The plaintiffs worked in substantially the same role at different locations, and all advance similar claims and have similar

circumstances of employment. Defendants have identified no individualized defenses applicable to the individual opt-in plaintiffs that would warrant the denial of final certification.

Procedural and fairness considerations also weigh in favor of final certification. "In the absence of final certification, [Perfect Pawn "Managers"] who wish to pursue their claims would be forced to file individual lawsuits on their own behalf. Because in most cases the cost of litigation would greatly exceed the amount of any potential recovery, a majority of [Perfect Pawn "Managers"] would not be able to pursue their claims." *Rivet v. Office Depot, Inc.*, 207 F. Supp. 3d 417, 428 (D.N.J. 2016). Where, as here, the Court can address the defendants' arguments on a collective basis, it is unnecessary and imprudent to impose the burden of individualized litigation on each opt-in plaintiff and on the Court. *See id.*

### Conclusion

For the foregoing reasons, Plaintiff's motion for final certification of the FLSA collective action is **GRANTED**. An appropriate order follows.

Date: October 22, 2024

WILLIAM J. MARTINI, U.S.D.J.