UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRYAN LUSTIG, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL MARKUS, INC., *doing business as* PERFECT PAWN, DANIEL RISIS, MARGARITA RISIS, OLEG NEIZVESTNY,<br><br>Defendants. | Civil Action No. 2:20-cv-00379 (WJM) (SDA)<br><br>Hon. Stacey D. Adams<br><br>**OPINION and ORDER** |

**THIS MATTER** comes before the Court by way of (i) a letter motion filed by Defendant Daniel Risis ("Risis") seeking "leave to investigate" (ECF No. 212); and (ii) Risis's motion for sanctions, to disqualify counsel, and request for investigation and mandatory testimony (ECF No. 215); and Plaintiff Brian Lustig ("Plaintiff") having filed an opposition to both applications on October 28, 2024 (ECF No. 217); and the Court having reviewed the submissions and for good cause shown, and having reached a decision without oral argument pursuant to Fed. R. Civ. P. 78; for the reasons set forth below, both of Risis's applications (ECF No. 212 and 215) are **DENIED** without prejudice.

Risis's letter motion seeking leave to investigate (ECF No. 212) is both procedurally and substantively improper and is therefore DENIED without prejudice. As an initial matter, Risis has not provided, as required by the Local Rule 37.1 and the undersigned's Judicial Preferences, any information in his letter motion concerning his attempts to meet and confer with Plaintiffs' counsel. Second, it is not clear what relief is being sought by Risis in this letter. He appears to be seeking permission to investigate Plaintiff's counsel, Brett Galloway, Esq., for providing false and

misleading information to the Court prior to the Court ruling on the case. However, he provides no details in support of this assertion other than vague allegations that Galloway committed ethical violations, unlawfully forged and misrepresented documents. Third, to the extent Risis is seeking to re-open discovery to investigate Galloway, the time period for discovery has long-since passed and no proper application was made to re-open discovery. Fourth, to the extent Risis wished to object to the motion for final certification of the collective action, he had the right to file an opposition. That motion has now been decided and granted (ECF Nos. 213 and 214), so this request is moot.

Turning to Risis' motion for sanctions, to disqualify counsel, and for investigation and mandatory testimony (ECF No. 215), this motion is also DENIED without prejudice. First, Risis failed to file a letter seeking leave to file this motion, as required by the undersigned's judicial preferences and local rules. Second, while this submission provides a modicum of additional detail concerning the basis for Risis's accusations, it is still unduly vague. It does not even identify the dates or docket numbers of the documents with which Risis takes issue, and contains only broad and conclusory allegations. Third, a review of the information provided by Risis indicates the request is patently frivolous. For example, Risis claims Plaintiff Bryan Lustig's certification is a "composite of two different documents" but does not explain why this is anything more than a scanning/transmission error. Notably, none of the authors of the documents Risis accuses Galloway of forging having come forward to allege forgery or assert that the documents are not legitimate. Risis complains that several certifications contain e-signatures, but e-signatures are permitted by Court Rules. This does not render them fraudulent. Finally, Risis takes issue with several of the certifications because they "fail to mention [him]" – as if the failure to reference him is somehow tantamount to fraud. It clearly is not. Fourth, as Plaintiffs' counsel notes in his

opposition (ECF No. 216), the referenced certifications were submitted more than four years ago, and neither Risis nor his then counsel raised any objections or concerns. For these reasons, Risis' motion is procedurally and substantively flawed and is denied without prejudice.

**IT IS, on this 7 day of November, 2024, hereby ORDERED** that Risis's motions at ECF Nos. 212 and 215 are **denied without prejudice**. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 212 and 215.

                                                */s/ Stacey D. Adams*
                                                Hon. Stacey D. Adams, U.S.M.J.