## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRYAN LUSTIG, *et. al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>DANIEL MARKUS, INC. D/B/A PERFECT PAWN, DANIEL RISIS, MARGARITA RISIS, and OLEG NEIZVESTNY,<br><br>    Defendants | Case No. 2:20-cv-00379<br><br>**OPINION & ORDER**<br>**RE: AUTOMATIC STAY** |

This matter comes before the Court upon Defendant Daniel Risis's notice of bankruptcy and request for the entry of an automatic stay pursuant to 11 U.S.C. § 362. ECF No. 220. Plaintiffs requested that the Court grant relief from the automatic stay on the grounds that Defendant Risis's bankruptcy action was filed in bad faith. ECF No. 221.

While a District Court "may have jurisdiction" to grant relief from an automatic stay application under 11 U.S.C. § 362, and even where "it is likely that such relief is appropriate, referral of [such] matter[s] to the Bankruptcy Court will best serve the interest of judicial efficiency." *Potter v. Newkirk*, Civil No. 17-08478 (RBK/KMW), 2020 WL 6144756 (D.N.J. Oct. 20, 2020). Moreover, District of New Jersey Standing Order of Reference No. 12-1 dictates that "[a]ny or all proceedings arising under Title 11 of the United States Code… shall be referred to the bankruptcy judges for the district."

Accordingly, it is hereby **ORDERED** that:

1. Pursuant to 11 U.S.C. § 362, this matter is **ADMINISTRATIVELY STAYED** during the pendency of Defendant Risis's bankruptcy action;

2. Pursuant to 28 U.S.C. § 157(a) and District of New Jersey Standing Order of Reference 12-1, Plaintiff's request for relief from the administrative stay is hereby **REFERRED** to the bankruptcy court.

The Court also notes that prior to Plaintiff's notice of bankruptcy, he was already subject to a motion for summary judgment. ECF No. 218. That motion was filed on November 7, 2024, and Defendant Risis failed to file a brief in opposition to the motion. The Court therefore advises the parties that, at such time as the administrative stay may be lifted, it will not reset Defendant

Risis's deadline to respond to the motion for summary judgment unless required by the Federal Rules of Civil Procedure, the Local Civil Rules for the District of New Jersey, or other binding and applicable law.

Date: January 14, 2025

WILLIAM J. MARTINI, U.S.D.J.