UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRYAN LUSTIG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL MARKUS, INC. (D/B/A PERFECT PAWN), DANIEL RISIS, MARGARITA RISIS AND OLEG NEIZVESTNY,<br><br>Defendants. | Case No. 2-20-cv-00379-WJM-SDA<br><br>(Consolidated Case No. 2:22-cv-00161)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Bryan Lustig brings this collective action against Defendants Daniel Markus, Inc. d/b/a Perfect Pawn ("Perfect Pawn"), Daniel Risis ("Mr. Risis"), Margarita Risis, and Oleg Niezvestny.[1] Plaintiff alleges that Defendants withheld wages and misclassified Lustig and other similarly situated employees as "exempt," thereby violating the minimum wage and overtime requirements of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56(a) *et seq.*

Before the Court is Plaintiff's unopposed motion for summary judgment (the "Motion"), which the Court decides without oral argument. ECF No. 218; L.R. 78.1(b). For the reasons set forth herein, the Motion is **GRANTED**.

**I. BACKGROUND[2]**

Perfect Pawn operated multiple pawn shop locations in New Jersey during the period relevant to this action. SMF ¶ 25. Margarita Risis was the nominal owner of Perfect Pawn; Mr. Risis, Margarita's son and Managing Director of Perfect Pawn, could not obtain a pawn license because of his prior felony convictions, Mot. Ex. 25; *id.* ¶ 31, although he held an ownership interest in each of Perfect Pawn's locations through his various business entities. SMF ¶ 29. As

---

[1] According to the his Brief, Plaintiff has reached settlements in principle with all Defendants except for Mr. Risis. Pl.'s Br. 2. Although no settlement has been submitted for approval, the Court considers the Motion only as applied to Mr. Risis. *Id.* "([T]his motion is only against the remaining Defendant, D. Risis").

[2] The facts in this section are taken from Plaintiff's statement of material facts ("SMF"). Mr. Risis, who is *pro se*, failed to submit a responsive statement of material facts, as required by this District's Local Rules, or otherwise file any opposition to the Motion. *See* L.R. 56.1 ("[A]ny material fact not disputed shall be deemed undisputed for the purposes of the summary judgment motion"). Accordingly, the Court considers the facts stated herein as undisputed. The Court takes judicial notice of docket entries and its prior decisions where appropriate. *FCS Capital LLC v. Thomas*, 579 F. Supp. 3d 635, 647 (E.D. Pa. 2022).

1

Managing Director, Mr. Risis "made all decisions related to compensation." *Id.* ¶ 28. This included adjusting employees' salaries, withholding pay, and deciding whether to pay overtime. *Id.* ¶¶ 5, 28, 34. Mr. Risis was also responsible for hiring and firing employees, staffing personnel, creating work schedules, approving company purchases, hosting employee meetings, and overseeing the business's daily operations. *Id.* ¶ 28; Mot. Ex. 3 ¶ 41 (citing a YouTube video in which Mr. Risis refers to Perfect Pawn as "his" company and explains that Margarita Risis "gave [him] authority to run the Company the way [he] chose fit").

Plaintiff Bryan Lustig and 17 opt-ins (collectively, the "Employees") from the certified collective are former Perfect Pawn employees. While the Employees were all given managerial titles, their work consisted predominantly of menial tasks. *Id.* ¶ 35; Exs. 8-15; 33-41 (the Employees listing their primarily duties as, *inter alia*, organizing shelves, cleaning the store, transacting with customers, and sweeping floors). Each testified that she or he was required to work numerous weeks without receiving any compensation and were wrongly misclassified as exempt from eligibility for overtime pay. SMF ¶¶ 1, 3, 26.

Multiple Defendants, including Mr. Risis, corroborated the Employees' testimony. *Id.* ¶ 3; Mot Exs. 7 p. 83 (Margarita Risis admitting to payroll violations); 27 p. 77 (Niezvestny stating that Mr. Risis did not pay the Employees). There are numerous examples of Mr. Risis admitting to payroll infractions: in his filings before this Court, ECF No. 138-2 (Mr. Risis stating in a letter to the Court, "Mr. Joel Padilla . . . is owed 1 pay cycle of back pay from Daniel Markus Inc."); in his deposition, Mot. Ex. 6 p. 122 ("[Y]eah, we had issues with payroll"); in email correspondence to his employees, Mot. Ex. 16 ("You think I want [my attorney] to see how much backpay I owe people????"); and in his own YouTube videos, Mot. Ex. 3 ¶ 42 (citing a YouTube video in which Mr. Risis states, "I fully admit that there was a payroll cycle that was missed, maybe like one and a half"). Mr. Risis also failed to timely pay his employees and arbitrarily reduced their pay, often without notice. SMF ¶¶ 5, 12, 17, 34.

Moreover, the record indicates Mr. Risis was likely aware of the impropriety of his conduct. For example, Farrah Mejia, Perfect Pawn's Former Chief Financial Officer, testified that she told Mr. Risis he owed money to the Employees, yet he would ignore the issue. *Id.* ¶¶ 4, 19. Mejia also stated that she raised concerns to Mr. Risis that his practice of lowering salaries was likely in violation of federal and state labor laws. *Id.* ¶ 24. Despite this, Mr. Risis continued to withhold, reduce, and delay payments to the Employees. As another example, Mr. Risis instructed Mejia that she could not pay any overtime. *Id.* Meanwhile, as Mr. Risis was depriving the Employees of their wages, he increased his own salary on three separate occasions. *Id.* ¶ 38.

Plaintiff commenced this action on January 10, 2020. ECF No. 1. The amended, operative complaint was filed on September 10, 2020. ECF No. 35. On December 23, 2020, the Court conditionally certified Plaintiff's FLSA claims to proceed as a collective action. ECF No. 52. The Court granted final certification on October 22, 2024. ECF No. 213. Plaintiff filed the Motion on November 7, 2024. ECF No. 218.

While the Motion was pending, however, Mr. Risis declared bankruptcy on January 2, 2025—his second bankruptcy filing since this action's commencement. *See* ECF Nos. 220-21. This prompted the Court to administratively stay this matter pending the bankruptcy's resolution.

ECF No. 222. In its opinion granting an administrative stay, the Court noted that Mr. Risis failed to timely oppose Plaintiff's Motion and submit his own statement of material facts, so therefore it would not reset Mr. Risis's deadline to respond to the Motion. *Id.* Accordingly, the Court treats the Motion as unopposed. *See Su v. WiCare Home Care Agency*, No. 22-cv-224, 2024 WL 3598826, at *4 n.5 (M.D. Pa. July 31, 2024), *appeal docketed sub nom., Walsh v. WiCare Home Agency LLC*, No. 24-2565.

## II. LEGAL STANDARD

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is "material" where it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986). The moving party bears the initial burden of establishing that there is no genuine dispute as to any material fact. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). "If the moving party carries this initial burden, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial and do more than simply show that there is some metaphysical doubt as to the material facts." *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011) (citation modified). When considering an unopposed summary judgment motion, courts may only grant relief if they "find that the undisputed facts warranted judgment as a matter of law." *Miller v. Ashcroft*, 76 Fed. Appx. 457, 462 (3d Cir. 2003); *see also Su*, 2024 WL 3598826, at *1 (granting plaintiff's unopposed motion for summary judgment in a FLSA case).

## III. DISCUSSION

### 1. Plaintiff's Overtime Claims

The FLSA requires that, absent any statutory exemptions, an employer engaged in interstate commerce must pay their employees overtime for any hours worked in excess of forty per week. 29 U.S.C. § 207(a)(1); *see also* N.J.S.A. 34:11-56a4(b)(1). The FLSA lists three exemptions: executive, administrative, and professional. 29 U.S.C. § 213(a)(1); *see also* N.J.S.A. § 12:56-7.1. It is the employer's burden to prove its employees fall within an exemption. *Packard v. Pittsburgh Transp. Co.*, 418 F.3d 246, 250 (3d Cir. 2005). In conformity with common practice in this District, the Court considers Plaintiff's claims under the NJWHL, "New Jersey's counterpart to the FLSA," together with his FLSA claims. *Singh v. A&H Logistics Corp.*, No. 23-cv-4386, 2024 WL 4880312, at *3 (D.N.J. Nov. 22, 2024) ("[C]ourts in this District consider FLSA and NJWHL claims in the same breath"); *Thompson v. Real Est. Mortg. Network, Inc.*, 106 F. Supp. 3d 486, 490 (D.N.J. 2015) ("New Jersey courts have repeatedly emphasized that the NJWHL . . . was purposely drafted in parallel with the FLSA"); *Minshou Lin v. Fada Group Inc.*, No. 20-cv-5942, 2021 WL 423757, at *3 (D.N.J. Feb. 4, 2021) (considering FLSA and JWHL claims together).

An employee falls under the executive exemption if they meet the following four criteria: (1) their salary is not less than $455 per week; (2) their primary duty is "management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof"; (3) they regularly direct work of other employees; and (4) they have hiring

and firing authority. 29 CFR § 541.100; *Minshou*, 2021 WL 423757, at *2. Under the administrative exemption, an employee is exempt from the FLSA's overtime requirements if (1) they make at least $455 per week; (2) their primary duty is "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) their primary duty includes the exercise of independent judgment. 29 CFR § 541.200; *Smith v. Johnson and Johnson*, 593 F.3d 280, 284-85 (3d Cir. 2010). Finally, an employee qualifies as an exempt professional if they (1) make at least $455 a week; and (2) their primary work requires knowledge in an advanced field or "invention, imagination, originality, or talent in a recognized field of artistic or creative endeavor." 29 CFR § 541.300.

Mr. Risis, in failing to file a response to the Motion, has failed to meet his burden of proving the Employees fall within any of the FLSA's exemptions. *See Packard*, 418 F.3d at 250. Nonetheless, the Court concludes that none of the Employees could correctly be classified under the executive, administrative, or professional exemptions. The Employees did not have hiring and firing authority. Mr. Risis retained that authority for himself. Mot. Ex. 26 (Mr. Risis stating, "all hiring and firing is my final decision"). Nor did the Employees primarily perform "non-manual work directly related to the management of the employer," since the record indicates the Employees primarily performed tasks such as sweeping floors and stocking shelves. *See* SMF ¶ 35 (citing Employees' declarations). Lastly, it cannot be said that the Employees, all of whom held clerical roles at a Pawn shop, worked in an advanced field. *See id.* Therefore, the Court finds that the Employees are not exempt from federal or state overtime requirements and **GRANTS** summary judgment on Plaintiff's overtime claims.

### 2. Plaintiff's Minimum Wage Claims

Lustig asserts that Mr. Risis failed to pay the Employees an hourly minimum wage under the FLSA and NJWHL. 29 U.S.C. § 206(a)(1)(C); N.J.S.A. 34:11-56a4. Nonpayment and delayed payment of wages violate the FLSA. *See Solis v. A-1 Mortg. Corp.*, 934 F. Supp. 2d 778, 798-89 (W.D. Pa. 2013) (recognizing the "FLSA's implicit requirement that employees' wages be promptly paid").

The record before the court contains specific facts and evidence that the Employees were subject to both nonpayment and delayed payment of wages. This includes payroll documents, Mot. Ex. 18 (excel spreadsheet listing many employees as unpaid); a declaration from Perfect Pawn's former CFO, Mot. Ex. 5 ¶ 3 ("[M]any Perfect Pawn employees, including myself, are missing full or partial paychecks for time worked, and that employee paychecks, when paid, were often issued several weeks late"); Employees' declarations, Mot Exs. 9-12, 14-15, 33-41; testimony from Margarita Risis, Mot Ex. 7 pp. 74-75 (recognizing payroll violations); and Mr. Risis's own admissions, Mot. Exs. 3 ¶ 42, 6, 16. Mr. Risis, in failing to oppose the Motion, has offered no evidence to raise a genuine dispute of material fact. This is sufficient to grant summary judgment. *See Solis*, 934 F. Supp. 2d at 798-99 (granting summary judgment on FLSA minimum wage claim where plaintiff offered payroll records and declarations of former employees). The court therefore **GRANTS** summary judgment on Plaintiff's federal and state law minimum wage claims.

### 3. Mr. Risis's Status as an Employer

Having determined that the Employees are entitled to unpaid wages, the Court next considers whether Mr. Risis is personally liable to the Employees as an "employer" within the

4

meaning of the FLSA. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In line with the FLSA's remedial purpose, courts liberally construe the term "employer." *Burrell v. Staff*, 60 F.4th 25, 43 (3d Cir. 2023). The Third Circuit has embraced the *Enterprise* test for determining if a defendant constitutes an employer under the FLSA. *Id.* Under *Enterprise*, a defendant is an employer if she has: (1) the authority to hire and fire employees; (2) authority to promulgate work rules and assignments and set conditions of employment such as hours and compensation; (3) day-to-day oversight of employees; and (4) control of employee records." *In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 683 F.3d 462, 469 (3d Cir. 2012) (noting that this list of factors is non-exhaustive).

Mr. Risis qualifies as an employer under the FLSA. He held hiring and firing authority, Mot. Ex. 26 (Mr. Risis stating "all hiring and firing is [his] final decision"), set employee schedules and adjusted employee salaries, SMF ¶ 28, supervised the Employees' daily operations, Mot. Ex. 6 p. 268 (Mr. Risis admitting he "was the primary [sic] responsible for managing the business with Margarita's supervision"), and controlled employee records. SMF ¶ 14. In Mr. Risis's own words, Perfect Pawn was "his company" and he had "authority to run the Company the way [he] chose fit." Mot. Ex. 3 ¶ 41. For these reasons, Mr. Risis is an employer under the FLSA and is personally liable to the Employees.

### 4. Calculating Damages

Having found minimum wage and overtime violations, the Court must consider the amount of damages owed. The FLSA mandates that aggrieved employees receive their amount of unpaid minimum wages, unpaid overtime compensation, and liquidated damages. 29 U.S.C. § 216. Liquidated damages are mandatory under the FLSA "if the employer fails to carry its burden of demonstrating good faith and reasonable grounds [for its conduct]." *Martin v. Selker Bros.*, 949 F.2d 1286, 1299 (3d Cir. 1991). To meet this burden, an employer must show that he took "affirmative steps" to comply with the FLSA. *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908 (3d Cir. 1991).

Courts ordinarily review the employer's payroll records and award an amount of damages based on the sum of unpaid wages. *See, e.g.*, *Krause v. Cherry Hill Fire Dist. 13*, 969 F. Supp. 270, 278 (D.N.J. 1997). Where, as here, the employer did not keep adequate payroll records, the plaintiff is required only to "submit sufficient evidence from which violations of the [FLSA] and the amount of an award may be reasonably inferred." *Rosano v. Township of Teaneck*, 754 F.3d 177, 188 (3d Cir. 2014); *McLaughlin, v. DialAmerica Marketing, Inc.*, 716 F. Supp. 812, 824 (D.N.J. 1989) ("It is enough under these circumstances if there is a basis for a reasonable inference as to the extent of damages").

Courts enjoy "a great deal of discretion" in determining damages awards when an employer fails to provide adequate payroll records. *McLaughlin*, 716 F. Supp. at 824. Employees' testimony may constitute sufficient evidence from which a court can reasonably infer the amount of damages. *Id.* at 824 (opining that the "sheer commonality of [employees'] testimony breathes credibility into the claims"); *De Rose v. Eastern Plastics, Inc.*, 134 F. Supp. 805, 808 (W.D. Pa. 1955); *Sec'y. U.S. Dep't of Labor v. Nursing Home Care Mgmt. Inc.*, 128 F.4th 146, 161 (3d Cir. 2025). Not every employee must testify; the Court may extrapolate damages based on a representative sample of employees. *Selker Bros.*, 949 F.2d at 1298; *McLaughlin*, 716 F. Supp. at 825.

It is undisputed that Mr. Risis failed to keep adequate employment records, notwithstanding the federal and state law requirements that he do so. 29 U.S.C. § 211(c); N.J.S.A. 34:11-4.6. Moreover, the Employees have provided ample evidence of Mr. Risis's payroll violations, including through multiple declarations. *See supra* Section II.2. Plaintiff's brief includes a chart listing the amount of wages four of the Employees are owed. Pl.'s Br. 8-9. The chart lists an average of 3.5 payroll periods missed for these employees, an average of $11,829.71 owed, and an average of 11.65 hours of weekly unpaid overtime. *Id.*

Due to these constraints, any damages award will necessarily be imprecise. *See McLaughlin*, 716 F. Supp. at 823. Nonetheless, the Court is convinced that an award of $958,123.47[3] and $958,123.47 in liquidated damages is appropriate.

As for liquidated damages, the Court finds that Mr. Risis has failed to meet his burden of demonstrating good faith. Quite the contrary. *See* SMF ¶¶ 4, 19, 24, 38, 39 (Mr. Risis directing his CFO to withhold wages, ignoring his CFO's admonitions that the Employees were owed money, all while increasing his own salary). Since "[d]ouble damages are the norm" under the FLSA, the Court awards an additional $958,123.47 in liquidated damages. *See Cooper Elec. Supply Co.*, 940 F.2d at 907-08. The Court, in its discretion, declines to award treble damages under NJWHL and prejudgment interest. *See Cabreja v. Marco & Family Tires Auto Mechanic LLC*, No. 25-cv-231, 2025 WL 1688358, at *6 (D.N.J. June 16, 2025) (finding that one liquidated damages award was "sufficient to satisfy the liquidated damages requirements of both [the FLSA and NJWHL]"); *Salins v. EMR Tech. Solutions*, No. 21-cv-20125, 2025 WL 2771936, at *4 (D.N.J. May 6, 2025) ("[C]ourts typically do not award pre-judgment interest where liquidated damages are awarded"). The Court will permit Plaintiff to file an application describing the fees and costs incurred no later than **November 17, 2025**. 29 U.S.C. § 216(b); N.J.S.A. 34:11-56a25.

For these reasons, Plaintiff's Motion is **GRANTED**. An appropriate order follows.

Date: October 20, 2025

WILLIAM J. MARTINI, U.S.D.J

---

[3] This figure is the sum of: (1) $201,105.07, the product of the average amount of wages Mr. Risis unlawfully withheld ($11,829.71) and the seventeen Employees in the collective action; and (2) $757,018.40, the product of the average amount of weekly unpaid overtime (11.65 hours), the average overtime rate ($36.06), the average amount of time the Employees worked at Perfect Pawn (106 weeks), and the seventeen Employees in the collective action.

Plaintiff represents that the Employees' average annual salary was $50,000. Pl.'s Br 20. Assuming a forty-hour workweek for fifty-two weeks a results in an average hourly wage of $24.03. The FLSA's required overtime wage, one-and-a-half times that base hourly rate, is $36.06.