## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRYAN LUSTIG, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>DANIEL MARKUS, INC. (D/B/A PERFECT PAWN), DANIEL RISIS, MARGARITA RISIS AND OLEG NEIZVESTNY,<br><br>        Defendants. | No. 20-cv-379<br><br>(Consolidated No. 22-cv-161)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J:**

Before the Court are Defendant Daniel M. Risis's ("Mr. Risis") "Emergency Notice of Constitutional Obstruction, Due Process Violation, and Motion to Vacate Summary Judgment," ECF No. 231, Mr. Risis's "Motion to Vacate Void Judgment," ECF No. 238 (together, the "Motions to Vacate"), and Plaintiff's Motion for Attorneys' Fees and Approval of Settlements (the "Fees Motion"), ECF No. 232 (collectively, the "Motions"). The Court decides the Motions without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated herein, the Motions to Vacate are **DENIED** and the Fees Motion is **GRANTED**.

### I.    BACKGROUND[1]

A. Discovery Disputes

Commenced in January 2020, this Fair Labor Standards Act ("FLSA") collective action languished in discovery for years. Plaintiff served initial discovery demands in June 2020, yet apparently had not received any documents by September of that year. Galloway Decl. ¶¶ 16-18, ECF No. 233-1. After nearly two years' worth of delays and multiple motions to compel, *see* ECF Nos. 9, 50, 55, 64, 66, 79, 84, 86, 100, then-Magistrate Judge Edward S. Kiel appointed a Special Master to resolve all pending and future discovery disputes in this action. ECF No. 104.

The discovery disputes continued. Mr. Risis twice adjourned his deposition on short notice, including the morning of December 20, 2022—the date the Special Master ordered Mr. Risis to be deposed. Galloway Decl. ¶ 29; ECF No. 134; *see also* ECF No. 135 (ordering Mr. Risis to pay cancellation fees). While Mr. Risis was eventually deposed in February 2023, the record indicates

---

[1] The Court assumes the parties' familiarity with the underlying facts of the case, recited in its earlier Opinion (ECF No. 226), and sets forth only what is necessary to decide the Motions. The Court takes judicial notice of docket entries from other court proceedings relevant to this action. *See Leiva v. Sec'y of DHS*, 230 F. Supp. 3d 406, 409 n.2 (D.N.J. 2017).

that he was belligerent and combative during his testimony. *See* ECF No. 218-6.[2] All told, the myriad discovery disputes resulted in Plaintiff's filing eleven letters explaining the disagreements and participating in at least twenty-five different telephone conferences regarding discovery. Galloway Decl. ¶ 77.

### B. The Temporary Restraining Order against Mr. Risis

In April 2022, Plaintiff moved for an order enjoining Mr. Risis from (1) posting anything on social media about the parties in this case; and (2) contacting any opt-in plaintiffs in this action (the "TRO Motion"). ECF No. 110. The TRO Motion followed Mr. Risis's posting a series of YouTube videos "threatening and [making] defamatory comments about Plaintiff, his wife, his counsel, and certain opt-in plaintiffs participating in [this] action" and contacting opt-in plaintiffs "in an attempt to harass, intimidate, and chill opt-in participation." *Id.* at 8; ECF No. 111. The Court granted the TRO Motion in part, enjoining Mr. Risis from contacting any of the opt-in plaintiffs. ECF No. 111. Despite this, Mr. Risis continued his attempts to contact the opt-in plaintiffs. ECF Nos. 116, 123, 129. In response, Judge Kiel issued an order restricting Mr. Risis's communications with opposing parties. ECF No. 131.

### C. Mr. Risis Begins to Proceed *Pro Se*

Five different attorneys represented Mr. Risis during the pendency of discovery in this matter. *See* ECF Nos. 43, 74, 77, 87, 107. After each of their withdrawals, Mr. Risis has proceeded *pro se* since at least May 2022. ECF No. 115. Accordingly, Mr. Risis filed a Consent and Registration Form to Receive Documents Electronically (the "Consent Form"). ECF No. 130. The Consent Form, signed by Mr. Risis, lists daniel@mikrobank.com as the email address to which Mr. Risis would receive electronic notifications of all filings in this matter.

### D. Mr. Risis's First Bankruptcy Filing

In March 2023, Mr. Risis filed a *pro se* bankruptcy petition in this District's Bankruptcy Court (the "First Bankruptcy Proceeding"), resulting in this action being administratively stayed. Galloway Decl. ¶ 46; *In re Daniel M. Risis*, No. 23-11800 (Bankr. D.N.J. 2023); ECF No. 142. This filing caused Plaintiff's counsel to enter an appearance in the First Bankruptcy Proceeding, and later, move for relief from the Bankruptcy Code's automatic stay. Galloway Decl. ¶ 46; *In re Daniel M. Risis*, No. 23-11800, ECF No. 224 (Bankr. D.N.J. 2023). The First Bankruptcy Proceeding was ultimately dismissed, and the Bankruptcy Court issued an order prohibiting Mr.

---

[2] Mr. Risis's deposition transcript contains numerous examples of the Special Master admonishing Mr. Risis for his conduct, *see* Tr. 28:25-29:25; 36:23-37:21; 39:4-8 ("Mr. Risis, if you don't stop interrupting me, we're going to have a real problem all day long. That's not the way it's normally done. So please do what [Plaintiff's counsel] asked you to do"), 61:4-61:11; 99:24-25 ("We're never going to finish if we don't just answer the question"); 108:13-14; 120:7-13; 134:25-136:4; 148:5-10; 160:2-7; 185:4-5, Mr. Risis hurling childish insults towards Plaintiff's counsel, *see* Tr. 62:18-63:5 (Mr. Risis making an uncouth remark about Plaintiff's counsel's weight); 99:5-11 (Mr. Risis making a rude comment about Plaintiff's counsel's putative lack of literacy skills), and otherwise obstructing the orderly taking of his deposition. *See* Tr. 19:14-20:12; 116:16-17; 166:13-14; 194:22-195:9.

Risis from refiling for bankruptcy for a period of one year and 180 days. *In re Daniel M. Risis*, No. 23-11800, ECF No. 364 (Bankr. D.N.J. 2023).

E.  The Summary Judgment Motions and Mr. Risis's Second Bankruptcy Filing

Plaintiff first moved for summary judgment on November 3, 2023 (the "First Summary Judgment Motion"). ECF No. 157. After receiving an extension, Mr. Risis filed a Motion for Reconsideration and Opposition to Summary Judgment in December 2023. ECF No. 165. Judge Kiel ordered Mr. Risis's motion to be construed as an opposition to the First Summary Judgment Motion. ECF No. 166. After multiple filings by Mr. Risis and his assistant, Jaime Resnick, this Court entered an order reiterating the same. ECF No. 172. Mr. Risis filed three more letters before the Court denied the First Motion for Summary Judgment on procedural grounds. ECF No. 181.

Plaintiff then moved to certify the FLSA collective in September 2024. ECF No. 205. After the Court granted final certification, ECF No. 213, Plaintiff moved again for summary judgment on November 7 (the "Second Motion for Summary Judgment"). ECF No. 218. Between this Court's denial of the First Motion for Summary Judgment and Plaintiff's filing the Second Motion for Summary Judgment, Mr. Risis submitted eighteen filings: some addressed to the various Magistrate Judges who have handled this case, others addressed to this Court, and others, still, addressed to "all judges" in this District. ECF Nos. 182, 183, 185, 187, 190, 191, 193, 196, 197, 199, 202, 203, 207, 209, 210, 212, 215, 217.[3] Mr. Risis did not, however, file an opposition to the Second Motion for Summary Judgment. Nor did he file a responsive statement of material facts. *See* L. Civ. R. 56.1.

The Bankruptcy Court's bar on Mr. Risis's ability to refile expired on December 26, 2024—while the Second Motion for Summary Judgment was pending. Four days later, Mr. Risis filed for another bankruptcy (the "Second Bankruptcy Proceeding"). *In re Daniel Risis*, No. 24-22714 (Bankr. D.N.J. 2024); *see* ECF Nos. 220-21. This Court, in its opinion administratively staying this matter for the duration of the Second Bankruptcy Proceeding, stated:

> Prior to Plaintiff's notice of bankruptcy, he was already subject to a motion for summary judgment. ECF No. 218. That motion was filed on November 7, 2024, and Defendant Risis failed to file a brief in opposition to the motion. The Court therefore advises the parties that . . . it will not reset Defendant Risis's deadline to respond to the motion for summary judgment.

ECF No. 222. Mr. Risis then filed another letter addressed to "all judges" alerting them of the administrative stay. ECF No. 223.

---

[3] This includes two of Mr. Risis's three motions to dismiss. ECF Nos. 183, 187. Judge Kiel denied Mr. Risis's first motion to dismiss because Mr. Risis had already filed an answer. ECF No. 153. Magistrate Judge Jessica S. Allen denied Risis's second motion to dismiss, stating that Judge Kiel's reasoning applies "with equal force to Mr. Risis's instant Motion." ECF No. 186. Undeterred, Mr. Risis moved to dismiss a third time. ECF No. 187. Again, Judge Allen denied the motion. ECF No 189.

The Second Bankruptcy Proceeding was dismissed on August 15, 2025. ECF No. 224. The Bankruptcy Court's order included a second, two-year prohibition on Mr. Risis's filing for bankruptcy. *In re Daniel Risis*, No. 24-22714, ECF No. 217 (Bankr. D.N.J. 2025). After the Second Bankruptcy Proceeding's dismissal, this Court lifted the automatic stay, ECF No. 225, and granted summary judgment on all counts. ECF No. 226. The Court ordered Mr. Risis to pay $1,916,246.94 in damages (the "Judgment") and directed Plaintiff to submit an application for attorneys' fees. ECF No. 227. The instant Motions followed.

## II.    LEGAL STANDARD

### A. Motions to Vacate

Federal Rule of Civil Procedure 60 grants courts broad discretion to vacate a final judgment. Grounds for relief from a judgment include fraud or voidness. Fed. R. Civ. P. 60(b). Mr. Risis moves for relief under Rules 60(b)(4) and 60(d)(3). Under Rule 60(b)(4), vacatur is required when a judgment is void. *On Track Transp., Inc. v. Lakeside Warehouse & Trucking, Inc.*, 245 F.R.D. 213, 215 (E.D. Pa. 2007). A judgment is void only if it is predicated on a jurisdictional error or a due process violation. *Smith v. Kershentsef*, No. 24-cv-1278, 2024 WL 3874227, at *1 (3d Cir. Aug. 20, 2024); *In re Semcrude, L.P.*, 728 F.3d 314, 323 (3d Cir. 2013) (denying Rule 60(b)(4) motion where the movant was afforded notice and an opportunity to object).

Relief under Rule 60(d)(3), on the other hand, can only be granted if the movant provides clear and convincing evidence of: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself." *Hatchigian v. Int'l Bhd. of Elec. Workers Loc. 98 Health & Welfare Fund*, 610 F. App'x 142, 143 (3d Cir. 2015) (citation modified); *Smith*, 2024 WL 3874227, at *2. This is a "demanding standard," and it remains even when the movant is *pro se*. *Fink v. Bishop*, No. 21-cv-2651, 2022 WL 4533855, at *2 ("[A] determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself").

### B. Attorneys' Fees

The FLSA and New Jersey Wage and Hour Law authorize prevailing parties to seek attorneys' fees and costs. 29 U.S.C. § 216(b); N.J.S.A. § 34:11-56a25. The movant has the burden to prove reasonableness of its fees by "submitting evidence supporting the hours worked and the rates claimed." *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 139 (3d Cir. 2018) (citation modified). The burden then shifts to the opposing party to provide evidence to challenge the reasonableness of the requested fee. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Fees calculated via the lodestar method are presumed to be reasonable. *Id.*

### C. Settlement Approval

Courts employ a three-part analysis to decide whether to approve a settlement of FLSA claims. Courts consider: (1) if the settlement "concerns a bona fide dispute"; (2) the settlement's fairness and reasonableness relative to the employee; and (3) whether the settlement frustrates the implementation of the FLSA in the workplace. *Payton-Fernandez v. Burlington Stores, Inc.*, 671

F. Supp. 3d 512, 520 (D.N.J. 2023); *Gabrielyan v. S.O. Rose Apartments LLC*, No 15-cv-1771, 2015 WL 5853924, at *2 (D.N.J. Oct. 5, 2015). A proposed settlement concerns a bona fide dispute when it reflects a "reasonable compromise" on issues covered by the FLSA. *Davis v. Essex Cnty.*, No. 14-cv-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015).

## III. DISCUSSION

### A. Motions to Vacate

Mr. Risis advances multiple arguments in his successive Motions to Vacate.[4] The Court only considers Mr. Risis's positions that the Judgment must be vacated because (1) the lack of notice to Mr. Risis voided the Judgment under the Fourteenth Amendment's Due Process Clause, Def.'s First Mot. 5; (2) the Judgment constitutes fraud on the court, *id.*; and (3) the Court erred in concluding that Mr. Risis is an employer under the FLSA, Def.'s Second Mot. 2.[5]

#### 1. Due Process

Mr. Risis argues that he never received notice of the Second Summary Judgment Motion, a hearing regarding the same was never held, and that he was never "given [an] opportunity to oppose or even to understand what was being sought." Def.'s First Mot. 1. Mr. Risis is correct that this Court decided the Second Summary Judgment Motion without oral argument. The Federal Rules of Civil Procedure, however, expressly authorize courts to "determin[e] motions on briefs, without oral hearings." Fed. R. Civ. P. 78(b); *see also* L. Civ. R. 78.1(b) (providing a default rule of deciding motions without oral argument).

Next, Mr. Risis's contention that he never received notice of the Second Summary Judgment Motion is belied by the record in this case. As discussed *supra*, Mr. Risis submitted a signed Consent Form to this Court on October 13, 2022. ECF No. 130. The Consent Form lists daniel@mikrobank.com as his email address: the exact address the Motions to Vacate provide as Mr. Risis's preferred account for receiving future case notifications, Def.'s First Mot. 12, and the one listed on the docket as registered for case updates.

The Court similarly rejects Mr. Risis's argument that he did not have an opportunity to oppose the Second Summary Judgment Motion. The Second Summary Judgment Motion was filed on November 7, 2024; the deadline for opposition was November 18. Mr. Risis made no such submission. Instead, he commenced the Second Bankruptcy Proceeding, of which he notified this Court in January 2025. ECF No. 220. In response, the Court advised Mr. Risis that he failed to file an opposition to the Second Summary Judgment Motion and it would not reset his deadline

---

[4] Mr. Risis filed a second motion to vacate during the pendency of his initial motion. ECF No. 238. For ease of reference, this Opinion refers to the brief accompanying Mr. Risis's November 12 Motion to Vacate as "Def.'s First Mot.," and the brief accompanying Mr. Risis's December 9 Motion to Vacate as "Def.'s Second Mot.," respectively.

[5] The Court finds Mr. Risis's other arguments, including that the Judgment violates the Fourteenth Amendment's guarantee of equal protection, and that Plaintiff's submissions relied on forged signatures, to be without merit. Def.'s First. Mot. 4-5. *See New Jersey v. Aristeo*, 610 F. App'x 95, 96 (3d Cir. 2015).

to respond. ECF No. 222. Despite knowing since January 2025 that he would not receive another chance to oppose the Second Motion for Summary Judgment, Mr. Risis ceased correspondence with the Court until after the Judgment was issued. ECF Nos. 228, 231. Put simply, Mr. Risis had ample opportunity to oppose the Second Motion for Summary Judgment, his claim that he has been displaced from his home since July 2025 notwithstanding. ECF No. 231-3 ¶ 2. The fact that Mr. Risis chose not to file an opposition does not warrant vacatur of the Judgment. *Cf. Williams v. N.Y.C. Dep't of Corr.*, 219 F.R.D. 78, 81 (S.D.N.Y. 2003) (denying vacatur where a *pro se* plaintiff failed to a follow court order). Nor does it give rise to a due process violation. *See In re Semcrude, L.P.*, 728 F.3d at 323.

The Court also notes that it had construed Mr. Risis's December 5, 2023 submission as an opposition to the First Motion for Summary Judgment (the "Submission"). ECF Nos. 166, 172. Because Mr. Risis did not refile the Submission in opposition to the Second Motion for Summary Judgment, it was not properly before the Court and, therefore, the Court did not consider the Submission in granting summary judgment.

Even if it had done so, the Court's decision would not have changed. The Submission offers only conclusory, unsupported statements that contradict the record before the Court and inapposite record cites purporting to support those statements. The evidence is clear that (1) Mr. Risis misclassified employees as exempt under the FLSA and unlawfully deprived them of overtime, Op. 4 (describing the employees' job responsibilities); (2) Mr. Risis failed to pay an hourly minimum wage, *id.* (discussing Perfect Pawn's payroll documents and Mr. Risis's admissions regarding such failures); and (3) Mr. Risis, as managing director of Perfect Pawn, was an "employer" within the meaning of the FLSA. *Id.* at 5 (recounting Mr. Risis's admissions regarding his control and authority over Perfect Pawn). In other words, the Submission does not raise a genuine issue of material fact necessary to survive summary judgment. *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011) (citation modified).

Finally, Mr. Risis represents that he "did not understand what was being sought" in the Second Motion for Summary Judgment. The Court disagrees. Through his many filings, Mr. Risis has shown he is able to meaningfully participate in this case, even without counsel. *See* ECF Nos. 137, 138, 147, 151, 154, 160, 162, 165, 170, 171, 174, 178, 179, 180, 182, 183, 187, 190, 193, 196, 199, 202, 203, 207, 209, 210, 212, 215, 217, 220, 223, 228, 231, 238. The fact that Mr. Risis has commenced three separate *pro se* actions since September 2025 further supports this conclusion. *See Risis v. Risis*, 25-cv-81174 (S.D. Fla. 2025); *Risis v. Menendez*, 25-cv-16644 (D.N.J. 2025); *Risis v. State of New Jersey*, 25-cv-16629 (D.N.J. 2025). Thus, because the Court finds that Mr. Risis received adequate notice of the Second Summary Judgment Motion, Mr. Risis was given multiple opportunities to oppose said motion, and he has demonstrated that he understands the nature of these proceedings, it cannot conclude that the Judgment violated Mr. Risis's right to due process.

### 2. Fraud on the Court

Mr. Risis next argues that the Judgment should be vacated because it constitutes fraud on the Court. Def.'s First Mot. 5, 7-8. Because of the dearth of any evidence—let alone "clear, unequivocal, and convincing" evidence—to substantiate this claim, the Court rejects Mr. Risis's argument. *Fink*, 2022 WL 4533855, at *2. As a result, Mr. Risis cannot meet the standard required for vacatur. *Id.*

### 3. Mr. Risis's Status as Employer of Perfect Pawn

For his last argument, Mr. Risis claims the Judgment is void because he is not an employer under the FLSA. Def.'s Second Mot. 1. Although this is plainly contradicted by the record, *see* Op. 1-2 (explaining how Mr. Risis, as Managing Director, "made all decisions related to compensation," had the authority to hire and fire employees, oversaw Perfect Pawn's daily operations, and admitted that Margarita Risis "gave [him] authority to run the Company the way [he] chose fit"), Mr. Risis nonetheless cites a Department of Justice settlement with Perfect Pawn that listed Margarita Risis as the company's sole shareholder. *Id.* at 1-4. This does not end the inquiry, however. *Attanasio v. Cmty. Health Sys., Inc.*, 863 F. Supp. 2d 417, 423 (M.D. Pa. 2012) (opining that ownership of a company is not "automatically dispositive" of employer status). As previously explained, the *Enterprise* test dictates whether an individual is an employer under the FLSA. *See* Op. 4-5 (citing *In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 683 F.3d 462, 469 (3d Cir. 2012)). Seeing no need to revisit its earlier analysis of this issue, and heeding the Third Circuit's guidance that "the FLSA defines employer expansively and with striking breadth," the Court declines to vacate its ruling that Mr. Risis is an employer under the statute. *In re Enter.*, 683 F.3d at 468 (citation modified).

Taking all this into account, the Court concludes that Mr. Risis has not demonstrated any reasons justifying relief under Rule 60. The Motions to Vacate are **DENIED**.[6]

### B. The Fees Motion

Plaintiff moves to recover the attorneys' fees and costs expended in prosecuting this action. Mr. Risis did not file an opposition, despite the Court's informing him of his opportunity to do so. ECF No. 230. Regardless, the Court reviews the fees for reasonableness. As described above, Plaintiff's counsel spent a significant number of hours navigating the challenges of this case, such as responding to Mr. Risis's numerous filings, seeking emergency relief due to Mr. Risis's misconduct, and filing motions in each of Mr. Risis's Bankruptcy Proceedings. *See supra* Section I; *see also* Pl.'s Br. 12-14.

---

[6] Because Mr. Risis moves for relief under Rule 60(b)(4), this Court does not consider whether he is entitled to relief under Rule 60(b)(6), the Rule's catch-all provision. *SEC v. Fin. Warfare Club, Inc.*, 425 F. App'x 85, 87 (3d Cir. 2011) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 855 (1988) ("[T]he availability of relief under [other Rule 60(b)] subsections renders subsection (b)(6) unavailable to him here"); *Vroom, Inc. v. Sidekick Tech., LLC*, No. 21-cv-6737, 2026 WL 34853, at *2 n.3 (D.N.J. Jan. 6, 2026).

Considering counsel's experience and what other courts have found in FLSA cases, the Court deems an average hourly rate of $500 to be reasonable. *See Li v. Sushi To Go Cherry Hill, LLC*, No. 22-cv-4734, 2023 WL 4958105, at *5 (D.N.J. Aug. 3, 2023) (collecting cases). While Plaintiff asserts that counsel devoted 1,104.95 hours to this matter, Plaintiff also advised the Court that, given the settlements with Defendants Daniel Markus, Inc., Margarita Risis, and Oleg Niezvestny (the "Settling Defendants"), he seeks attorneys' fees and costs from Mr. Risis only. ECF No. 234. As a result, this Court will not award attorneys' fees for tasks unrelated to the prosecution of this action against Mr. Risis (*e.g.*, negotiations with the Settling Defendants). *See Swan by Carello v. Daniels*, 917 F. Supp. 292, 301 (D. Del. 1995) (describing a district court's "wide discretion" on allocating fees in cases involving multiple defendants); *Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*, No. 11-cv-5980, 2013 WL 5977440, at *15 (S.D.N.Y. Nov. 12, 2013) (declining to award fees for work unrelated to non-settling defendant). Nor will this Court award attorneys' fees for time spent drafting the Fees Motion. *See Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 52 (3d Cir. 1978). Accordingly, the Court reduces the number of hours spent on this case to 1050, and awards **$525,000** in attorneys' fees. The Court also awards **$55,003.66** in costs, an amount "adequately documented" and "reasonable based on the circumstances of this case," *McGowan v. CFG Health Network, LLC*, No. 22-cv-2770, 2024 WL 1340329, at *14 (D.N.J. Mar. 28, 2024), for a total of **$580,003.66**.

Lastly, Plaintiff seeks approval of settlements with Daniel Markus, Inc., Margarita Risis, and Oleg Niezvestny (the "Settlements"). Pl.'s Br. 17. The Court concludes that each element of its inquiry is met. First, the Settlements resolve a bona fide dispute between Plaintiff and the Settling Defendants regarding minimum wage and overtime violations. *See McGowan*, 2024 WL 1340329, at *12 ("Disagreements over hours worked or compensation due clearly establishes [sic] a bona fide dispute") (citation modified). Second, the Settlements are fair and reasonable, as they will enable the employees to recover a "significant portion" of the wages unlawfully withheld from them. Pl.'s Br. 19; *see Gabrielyan*, 2015 WL 5853924, at *2. Third, nothing before the Court indicates the Settlements will frustrate the implementation of the FLSA. For these reasons, Plaintiff's request for approval of the Settlements is **GRANTED**.

## IV.    CONCLUSION

For the foregoing reasons, the Motion to Vacate is **DENIED**. The Fees Motion is **GRANTED**. The Court awards **$580,003.66** in attorneys' fees and costs, to be borne by Mr. Risis. An appropriate order follows.

Date: January 20, 2026

WILLIAM J. MARTINI, U.S.D.J.