UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRYAN LUSTIG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL MARKUS, INC. (D/B/A PERFECT PAWN), DANIEL RISIS, MARGARITA RISIS and OLEG NEIZVESTNY,<br><br>Defendants. | Case No.: 2:20-cv-00379-WJM-ESK<br><br>**CONSENT JUDGMENT** |

The Defendants Daniel Markus Inc., and Margarita Risis, through their counsel, Mandelbaum Barrett PC, and counsel for Plaintiffs come before the Court for an order approving their negotiated settlement of this litigation and for entry of a final judgment on consent in accordance with the Settlement Agreement executed by the above referenced Parties on January ____, 2026 terminating this proceeding, and the Parties having consented to entry of this final Consent Judgment as indicated by the below signatures of respective counsel; and for good cause otherwise shown:

IT IS on this ____ day of _____, 2026 HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

    1.    The Settlement Agreement dated January ____, 2026 which is attached hereto as Exhibit A and incorporated herein by reference, is hereby approved and so ordered by the Court.

    2.    Final judgment with respect to Daniel Markus, Inc and Margarita Risis shall be entered as of this date with prejudice as to all claims asserted herein, without costs

1

to any party. With the exception of enforcement of this Judgment and the January ___, 2026 Settlement Agreement, the parties to the Settlement Agreement attached hereto as Exhibit A and their successors, assigns and heirs shall have no claim of any kind against any other.

3.  In accordance with the terms of the Settlement Agreement, Judgment shall be entered in the amount of One Million Dollars (1,000,000.00) against Daniel Markus Inc.

4.  Judgment shall be served upon all parties with seven (7) days of receipt of this Judgment.

5.  The Court shall retain jurisdiction of this matter solely to enforce the terms of the Settlement Agreement and this Judgment.

_____
**Honorable**

**For Daniel Markus Inc.,**

By _[signature]_     Date 1/25/2024

**For Plaintiffs**

By _[signature]_     Date January 20, 2026
Brett Gallaway, Esq.
**Attorney of Record for Plaintiffs**

2

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRYAN LUSTIG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL MARKUS, INC. (D/B/A PERFECT PAWN), DANIEL RISIS, MARGARITA RISIS and OLEG NEIZVESTNY,<br><br>Defendants. | Case No.: 2:20-cv-00379-WJM-ESK |

### **SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS**

This Settlement Agreement and Release of FLSA and NJWHL Claims (this "Settlement Agreement") is made by and between Plaintiff Bryan Lustig on behalf of himself and all members of the collective (collectively as "Lustig") and Defendants Daniel Markus, Inc. and Margarita Risis (collectively as "Defendants" unless otherwise noted).[1] Lustig and Defendants collectively are referred to as the "Parties" in this Settlement Agreement.

### Recitals

On January 10, 2020, Lustig commenced a civil action against Defendants in the United States District Court for the District of New Jersey, styled *Lustig v. Daniel Markus Inc., et al*, Case No. 2:20-cv-00379 (WJM)(ESK) (the "Action") asserting claims under the Fair Labor Standards Act ("FLSA") and New Jersey Wage and Hour Law ("NJWHL"), including claims under the FLSA for alleged unpaid minimum wage and overtime and alleged failure to pay for all overtime hours worked. Lustig's attorneys are Brett R. Gallaway and Chester Ostrowski of McLaughlin & Stern LLP ("Lustig's Attorneys").

Through this Settlement Agreement, the Parties seek to resolve, subject to the Court's approval, Lustig's claims under the FLSA and NJWHL.

The Parties engaged in good faith, arms-length negotiations to arrive at a fair, adequate, and reasonable resolution of Lustig's claims. Lustig and Lustig's Attorneys believe that the settlement provided in this Settlement Agreement is in the best interest of Lustig and represents a fair, reasonable, and adequate resolution of his claims in the Action.

Based on these recitals, the Parties agree as follows:

1. <u>Payment to Lustig</u>. Within five (5) business days after execution of the Agreement by

---

[1] This Settlement Agreement does not include any other defendants, specifically Daniel Risis.

the Parties, Defendants shall provide to Lustig, through Lustig's Attorney's: 1) a signed consent judgment in the amount of $1,000,000 against Daniel Markus, Inc.; and 2) a separate signed consent judgment in the amount of $1,000,000 against Margarita Risis. These consent judgments shall be held in escrow by Lustig's Attorneys until the Effective Date, as defined in Paragraph 6 (the "Settlement Payment").

2. Release of FLSA and NJWHL Claims. Lustig releases and forever discharges Defendants, and each of his respective parents, subsidiaries, or affiliated entities, and any and all such entities' respective officers, directors, shareholders, partners, joint venturers, current and former employees, consultants, insurers, agents, attorneys, predecessors, employee benefit plans, predecessors, and successors with the exception of the remaining defendants in the Action (collectively, "Releasees") from any and all claims under the FLSA and NJWHL that Lustig has or may have to date based on acts, failures to act, or events that occurred on or before the date Lustig signs this Settlement Agreement. This release of FLSA and NJWHL claims includes, but is not limited to, those FLSA and NJWHL claims asserted in the Action and all FLSA and NJWHL claims that arise out of or relate to the facts alleged in the Action. This release specifically does not include the release or waiver of any claims against Defendant, Daniel Risis.

3. Non-Admission. Lustig acknowledges this Settlement Agreement does not constitute an admission by Defendants to any of the Complaint's allegations, including, but not limited to, any allegation that Ms. Risis was an owner of or had operational control over Daniel Markus, Inc., which Ms. Risis denies. Defendants and the other Releasees also deny all allegations of wrongdoing, deny liability, and deny that any violation of the FLSA or any other law, statute, ordinance, regulation, common law, or contract has occurred. This Settlement Agreement results solely from the desire of the Parties to expeditiously resolve Lustig's claims.

4. Dismissal with Prejudice. By executing this Settlement Agreement, Lustig instructs Lustig's Attorneys to take all steps necessary to obtain the dismissal with prejudice of the Action against Defendants. As such, upon full execution of this Settlement Agreement, Lustig's Attorneys and counsel for Defendants will take all steps necessary to request the Court's approval of this Settlement Agreement and entry of the Stipulation of Dismissal with Prejudice in the form attached hereto as Exhibit A. This Settlement Agreement is conditioned on the Court's approval and entry of a Stipulation and Order of Dismissal with Prejudice in the form attached hereto as Exhibit A. Lustig waives any and all rights to appeal from the entry of any Order of dismissal with prejudice.

5. Costs and Attorneys' Fees. Neither party to this Settlement Agreement nor any attorneys acting for, or purporting to act for, the parties to this Settlement Agreement may recover or seek to recover any amounts for fees, costs, or disbursements relating to the Action from any other party.

6. Effective Date. For all purposes, including the triggering of payments under Paragraphs 1 of this Settlement Agreement, the Effective Date of this Settlement

Agreement shall be defined as the business day after the last of the following events, each of which is a material condition of this Settlement Agreement, occur: (a) Lustig fully executes this Settlement Agreement and returns it to counsel for Defendants; (b) the Court approves this Settlement Agreement; and (c) the Court approves and enters the Stipulation and Order of Dismissal with Prejudice in in the form attached hereto as Exhibit A.

7. Consultation with Counsel. Lustig and Defendants represent and agree that they fully understand their right to discuss all aspects of this Settlement Agreement with their attorneys and that they have exercised that right.

8. Governing Law. This Settlement Agreement shall in all respects be interpreted, enforced, and governed by and under the laws of the State of New Jersey to the extent that Federal law does not govern.

9. No Representations. Lustig represents and acknowledges that, in executing this Settlement Agreement, he has not relied upon any representation or statement not set forth herein made by Defendants or by any of Defendants' agents, representatives, or attorneys.

10. Binding Agreement. This Settlement Agreement will bind and inure to the benefit of the Parties and all of their heirs, executors, administrators, successors, assigns, and legal representatives, as well as all other persons in privity with them.

11. Severability. If any provision of this Settlement Agreement is held to be void, voidable, unlawful or unenforceable, the remaining portions of this Settlement Agreement will remain in full force and effect.

12. No Waiver. The failure to enforce at any time, or for any period of time, any one or more of the terms of this Settlement Agreement shall not be a waiver of such terms or of the right thereafter to enforce each and every term of this Settlement Agreement.

13. Counterparts. This Settlement Agreement may be executed in two or more counterparts, each of which counterparts shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument. Faxes and electronically transmitted copies shall be deemed originals.

14. Sole and Entire Agreement. Except as provided herein, this Settlement Agreement sets forth the entire agreement between the Parties hereto regarding the subject matter hereof and fully supersedes any and all prior oral or written agreements or understandings between the Parties hereto pertaining to the subject matter hereof. This Settlement Agreement may be modified only in writing signed by Lustig and Defendants.

Dated: 1/25/2024

_____
Daniel Markus, Inc.
By: Margarita Risis

Dated: 1/29/24

_____
Bryan Lustig

Dated: 1/25/2024

_____
Margarita Risis

{DMI_Rita_Lustig - FLSA Settlement Agreement.1}